# UNITEN STATES DICTRICT COURT
## DISTRICT OF DELAWARE

```
**************************************** )
     Philip Emiabata,                    )
     Sylvia Emiabata                     )
        Plaintiffs                       )  Case NO.,............................
v.                                       )
1. The Bank of New York MELLON Trust Company, )
2. Specialized Loan Servicing            )  DEMAND FOR JURY TRIAL
3. JP Morgan Chase Bank, 4. Avail., LLC, )
6. Newrez, LLC, d/b/a Shellpoint Mortgage Ser., )
7. John Doe 1 Through 5.                 )
        Defendants                       )
**************************************** )
```

## VERIFIED COMPLAINT FOR DAMAGE DECLARATORY JUDGMENT AND COMBINED MOTION FOR TEMPORARY INJUNCTION.

Come now the Plaintiffs PHILIP O. EMIABATA, SYLVIA EMIABATA Pro Se (hereinafter referred to as "Plaintiffs"), and for its Complaint against Newrez, LLC, d/b/a Shellpoint Mortgage Servicing for their Company., JP Morgan Chase Bank, N.A. (hereinafter referred to as "JP Morgan Chase")., The Bank of New York Trust Company., Specialzed Loan Servicing., Avail., LLC., and John Doe 1 through 5., (hereinafter referred to as "Defendants") and Combined Motion Temporary Restraining Order, state and allege As follows:

## JURISDICTION AND VENEU

1.      This Court has subject matter jurisdiction over this action because it presents one or more federal question, 28 U. S. C. § 1331, 28 U. S. C. § 1334 and 28 U. S. C. § 1391, and the property that is the subject of this dispute is the issue in the United States Bankruptcy Court for the District Columbia., the Defendants transacts business here and over the Country to wit, the collection of consumer debts, and the conduct complained, U. S. C. § 1391 (b)because the acts, practices, and courses of business constituting the wrongful foreclosure practices alleged herein

occurred within . . .and the United States Bankruptcy For District of Columbia Pose Jurisdiction on this court

2.    Federal Courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases as in here, involving diversity of Citizenship of the parties. Under 28 U. S. C. § 1331.

3.    Case arising under the United States Constitution or federal laws or treaties is a federal question case as in here. Under 28 U. S .C. § 1332, as in here.,

4.    In here, is a case in which a citizen of one State sues a citizen of another State or nation and in here the amount at stake is more than $75,000 in here no defendants are citizen of the same State as any plaintiff.

5.    Jurisdiction of this Court also arises under 15 U. S. C. §1692 for Defendants violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA")

6.    Plaintiff wish to invoke this Honorable Court's federal question jurisdiction as Plaintiff is bringing claims directly under federal statutes and Constitutional provisions.

7.    At all times relevant to this action, Plaintiff and his wife have owned these properties knowns as 508 Evening Grosbeak Dr. Pflugerville TX  78660 and 4510 Little Hill Circle Austin TX 78725(hereinafter referred to as the "Property")

8.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b), 1331, 2201, and 2202 the United States Bankruptcy Court District for Columbia posed jurisdiction over these Properties pursuant to 28 U. S. C. § 15,  28 U.S.C. §1334 etc.

9.    15 U.S. Code § 1692e: False or misleading representations

10.    The Real Estate Settlement Procedures Act of 1974 (RESPA) (12 U. S. C. 2601 et seq.)

11.    Mortgage services misconduct.

12.    Loan Modification and Loss Mitigation Process.

13.    Unfair and Deceptive consumer practices with respect to loan servicing.

14.    Unfair and Deceptive consumer practices respect to foreclosure processing

15    Any other applicable federal statues, treaties, or provisions protecting rights and prohibiting wrongful foreclosure., as in here.

## PARTIES TO THE ACTION

### PLAINTIFFS

16.     Plaintiff is a natural person over the age of eighteen (18) years who own these Properties known as 4510 Lettle Hill Circle Austin Texas 78725 and 508 Evening Grosbeak Drive Pflugerville Texas 78660.

17.     Plaintiffs is citizens, domicile and place of business, and its address is 2940 Market St. NE 408 Washington. DC 20018

18.     Plaintiffs have suffered damages due to the actions of these Defendants which is detailed herein.

### THE DEFENDANTS

19.     Defendant's The Bank of New York Mellon Trust Company N.A., corporation organized under laws of the United States, with its main office in New York and does business in New York and in Washington DC.

20.     Specialized Loan Servicing ("SLS") is incorporated in Delaware and does business in DC

21.     JP Morgan Chase Bank ("JP  Morgan") is incorporated in Delaware and does business in Washington DC.

22.     Newrez, LLC, d/b/a/ Shellpoint Mortgage Servicing is incorporated in Delaware, does business, and does business in Washington DC

23.     Avail., LLC is a corporation organized under Laws of United Stares with its main office in Florida  and does business in Washington DC., And Defendant in the United States Bankruptcy court District of Columbia at Washington DC.

24.     John Does 1 through 5 represents any all individual and entities who or that own an interest in the note and mortgage and Filed false Documents (perjury) engages in fraud upon the court (collectively "mortgage loan") Upon information and belief, Defendants does not own the mortgage loan, but **they are servicing these mortgage loans for another, unidentified mortgage loans**

25.     All allegations and actions contained herein occurred within the mortgage loans

26.     Plaintiff is ignorant of the true identity and capacity of the Defendants designated as Does 1-5 but will amend the Complaint when their identities have been ascertained according

to proof within the time permitted.  However, Plaintiffs alleges on information and belief, that each and every Doe Defendants are in some manner responsible for the acts, conduct and consequences of other Defendants, and were, and are, responsible for the injuries, damages, and harm incurred by Plaintiffs.

27.      At all times material hereto, the business of Defendants was operated through a common plan and scheme designed to conceal from Plaintiffs the material facts set forth below. Such facts were also concealed from the public and the regulators, either directly or as successor-in-interest to the business acquired from others. The concealment was completed, ratified and/or confirmed by each Defendant herein directly or as a successor-in-interest as the acquirer of an entire business, and each Defendant performed or sought to benefit from the tortious acts set further herein for its own monetary gain and as a party of a common plan developed and carried with the other Defendants or as succession-in-interest to the business that did the foregoing.

28.      Plaintiffs alleges that each of the wrongful acts or omissions described below was performed either by each Defendant herein, named, or unnamed, or ratified and adopted by each Defendant after its occurrence.

29.      Further, those Defendants that did not actively perform the acts or omissions described in this Complaint did affirmatively aid and abet the other Defendants in the performance of such acts of omissions, before, during or after the fact.

30.      Finally, each Defendant herein, named, or unnamed, did knowingly derive some form of profit or benefit from the acts and omissions described herein.

31.      Any allegation about the acts of any corporate or other business Defendants means the corporation or other business did the acts alleged through its officers. Directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

32.      All Defendants agreed to work together in the conspiracy  and/or joint enterprise described in this Complaint based upon an express agreement among all Defendants to wrongfully foreclose the subject property, collect the debt through a Trustee Sale, and profit on the eventual sale of the foreclosed property described herein. Accordingly,, each Defendant,

named or unnamed, should be held liable for the acts and omissions of all other Defendants with respect to the causes of action set forth below.

33.     Each of the Defendants herein, named, or unnamed, was the agent of each of the other Defendants herein, named or unnamed, and thereby participated in all of the wrongdoing set forth below. Thus, each such Defendant is responsible for the acts, events, and concealment of every other such Defendant as set forth below.

## STATEMENT OF CASE

34     Defendants caused a foreclosure of the Plaintiff's properties. Plaintiff's and his wife home  located at 508 Evening Grosbeak Drive Pflugerville Texas 78660 and 4510 Little Hill Circle Austin Texas 78725 ("Subject Properties")., Plaintiff has lived in the Subject Property known as 508 Evening Grosbeak Drive for over 17 years. And 4510 Little Hill  Circle Austin TX 78725 Rental property, which these Defendants wrongfully  detainer and unlawfully evict their Tenants, till date, still in the hands of these Defendants, and these Defendants also wrongfully taking, unlawfully evict Plaintiff and his wife in here, Plaintiff have been battling these Defendants in our legal system, it was just February 2022 one of the property was returned to Plaintiff's., that is the subject matter known as 508 Evening Grosbeak Drive Pflugerville Texas.

    These defendants to date have not pay the plaintiffs for damages sustained in the hands of these defendants.

35.     In here, Defendants are collecting and foreclosing on a mortgage and loan that was paid off back in 2016. As detailed below, Plaintiff **does not own any money related to the Deed of Trust recorded on these Subject Properties.** Plaintiffs obligations on loan ended when the loans was paid off in 2016.

36.     These sale were wrongful for the following reasons: 1) Defendant The bank of New York Mellon Trust CO., N.A as Trustee and JP Morgan Chase Bank did not comply with Texas's Foreclosure law. . ., the Homeowner Bill of Right (HBOR); 2) title were defective at the time sale; The Bank of New York Mellon Trust CO., N.A and JP Morgan Chase Bank lacks standing; 4) The Bank of New York Mellon Trust CO., and JP Mongan Chase Bank committed fraud and willful oppression' 5) collateral estoppel. Defendants, John Doe and Avail., LLC., has no power of sale under Plaintiff deed of trust.

37.        Plaintiff and his wife are now forced to seek Court intervention to set aside the Trustee Sale and imminent eviction of the Plaintiff and prevent Defendants from continuing to collect on a paid-off debt.

38.        Plaintiff and his wife sued Defendants before the completion of the foreclosure. See Case **21-30197** and it Adversary Proceeding  Appeal **Case 23 -01218 (SVN)** United States District Court District of Columbia pending Appeal and Case **23-00090-ELG** with it Appeal Case **23-02008-CRC** United States District Court District of Columbia  also pending. Since that filling and dismissal of that case, new facts after give rise to this instant lawsuit.

## GENERAL FACTUAL ALLEGATION

39.      On or around August 29, 2002 Property known as 508 Evening Grosbeak Drive Pflugerville TX 78660 PHILIP O. EMIABATE and His Wife SYLVIA EMIABATA executed a promissory Note ("Note") in favor of Mortgage HOME LOAN CORPORATION d/b/a  EXPANDED (MORTGAGE CREDIT and "Trustee" is ALLAN B. POLUNSKY'

40.      On or around May 10, 2001 Property Known as 4510 Little Hill Circle Austin Texas 78724 PHILIP O. EMIABATA and his Wife SYLVIA EMIABATA executed a promissory Note ("Note") in favor of Option One Mortgage Corporation

41.      On or around May 10, 2001 Property Known as 4510 Little Hill Circle Austin Texas 78725 Trust in favor of Option One Mortgage Corporation the Promissory Note that was executed on the same day by PHILIP O. EMIABATA and SYLVIA EMIABATA. MERS was named as nominee of Lender on the deed. "MERS" is a Mortgage Electronic  Registration  Systems; Inc.  MERS is a separate corporation  that is acting solely as a nominee for Lender and Lender's successor and assigns.  GMAC Mortgage LLC

42.      On or around August 29, 2002, Philip O. Emiabata, Sylvia Emiabata executed a Deed of Trust in favor of Home Loan Corporation d/b/a Expanded mortgage Credit and Trustee is Allen B. Polunsky to secure the Promissory Note that was executed on the same day by PHILIP O. EMIABATA and SYLVIA EMIABATA. MERS was named as nominee of the Lender on the deed. "MERS" is a Mortgage Electronic Registration Systems; Inc. MERS is a separate corporation that is  acting solely as a nominee for Lender and Lender's successor and assigns. GMAC  Mortgage.

LLC ("GMAC") subserviced the both houses Mortgage Loan from the origination until GMAC filed bankruptcy in 2012.

   (a) Plaintiff refinanced the subject property 4510 Little Hill Circle Austin Texas in 2012  by JP Mongan with an adjustable rate, (See  Exhibit "A" deed of trust.) The Lender was JP Mongan Chase Bank and Trustor was PHILIP O EMIABATA , as spouses.

   (b) The amount of refinancing was for $64,000

    (c) The monthly payment was $640.98, and which would be adjusted after ten years under the terms of the deed of trust. However, in or around 2015, the monthly payment untimely rose to  $809.46 which nearly doubled the existing mortgage amount. This was a violation of Plaintiff's deed of trust. In 2016., The defendants wrongfully evict Plaintiff tenant as it was rental property Claiming that **Defendants Foreclosed  on this said property 4510 Little Hill Circle In 2008,** notwithstanding that these Defendants refinanced this property in 2012, and Plaintiff have been making mortgage loan payment  from 2012 to 2016 when Defendants unlawfully taking this property, See **Exhibit "B"** Documents for refinanced  and mortgage payments.

   Till date Defendants is in possession of this property hence violates my constitutional right: Fourth Amendment of the United States Constitution, protecting against unlawful seizures etc., Fourteenth  Amendment of the United States Constitution, providing right to own. . . and The Fifth Amendment of the United States Constitution, providing for due process.
 The Property known as 508 Evening Grosbeak Drive also was taking and Plaintiff and his wife were also unlawfully evicted from this property after many legal battling in the 2022 returned back to plaintiff due the time the unlawfully taking Plaintiff and his wife sustained damages, which some of plaintiff gravamen in here.

   (c)  508 is have it original mortgage from the origination until GMAC filed bankruptcy in 2012.

The Note states that Borrower (PHILIP EMIABATA and Spouse ) owes Lender $247, 400.00 with it borrower and dated August 29, 2002

   (d) The monthly payment was $2,035.30 after 20yaers under the terms of the deed of trust. However, in or around 2012, the monthly payment untimely rose to $4,000.00 which

nearly double the existing mortgage amount. Here again,, This was violation of Plaintiff deed of trust supra.

(e) Plaintiffs requested a loan modification for GMAC Mortgage in 2010. The agent representing the loan service property 508 Evening Grosbeak Drive Pflugerville told Plaintiff, over the phone, that plaintiff cannot apply for the loan modification because Plaintiff was not in default.  Plaintiffs was advised by  an agent of the loan servicer, GMACM, over the phone, that Plaintiff should be in default for 90 days and then call back after 90 days of default of mortgage payments to apply and eventually be qualified for loan modification.

(f) in reliance of those instruction, Plaintiffs called back GMACM after placing Plaintiffs account in 90 day default and requested an application for the loan modification. However, rather than a loan modification application, GMACM sent an application to sell the property. Plaintiff did not wish to sell the property

(g)     Plaintiffs Loan Modification was summarily denied by GMACM

(h)     GMACM the initiated foreclosure notice

43.     On around August 2013, the principal was paid off that is Property 508 Evening Grosbeak Drive.

Evidence of this payment can be found on Ocwen Loan Servicing, LLC's 1098 IRS Mortgage interest Form. Plaintiff will be subpoena  Ocwen Loan Servicing, LLC's 1098 IRS Mortgage interest Form.  **Since 2013, the subject debt on the property was completely paid off. Plaintiff owed $0 on the principal balance on the loan and the lien on the Subject Property 508 Evening Grosbeak Drive should have been removed.**

44.     When the mortgage securitization scheme and fraud by investors led to the 2008 mortgage meltdown, crisis, and recession, Plaintiff and his wife suffered financial harm when plaintiffs property's value plummeted. Plaintiff have been battling these defendants in our court' During this time purported servicers and creditors, here, fabricated documents to satisfy court demand documents evidencing proper ownership of the loan after Plaintiff questioned ownership of loan

45     Even recently Defendants filed false and fraud Documents under Oath in the Connecticut Bankruptcy court which the appeal is pending.

46.     Plaintiffs filed a proof of claim in Rescap's bankruptcy in New York, regarding Defendants Bankruptcy action, in here, Plaintiff and his wife were Creditors in this Defendants Chapter 11 (GMAC Mortgage, LLC.)., Plaintiff contesting the legality of owners

47.     On about April 2016 after a bench trial, where evidence including witness testimony was presented, the New York Bankruptcy Court's opinion ruled that the 2011 AOD was a valid legal assignment. The SDNY bankruptcy court

48.     Regardless, any subsequent assignment was legally invalid and void after the New York Bankruptcy Court's opinion ruling and res judicata against all the Defendants. Currently, there is no debt on Plaintiffs deed of trust as based on the 2013 1098 IRS Mortgage Interest. Defendants pursuing a foreclosure is nothing more than continued harassment and intimidation. Defendants conspire to unjustly enrich themselves through a fraudulent foreclosure of Plaintiff's property in violation of federal and state law.

49.     Defendants purported to be a substituted trustee in 2018 but is really a debt collector because its role was to unjustly enrich itself by collecting on a paid off debt. These Defendants can do these because it was advised that Plaintiff was in Pro Per and did not have the financial means to prevent this windfall of profits through illegal methods. Defendants is a foreclosure trustee on behalf of the trust. . . 2018 Substitution of Trustee.

50.     On around June of 2019, Ocwen transferred its account to Defendants here, to assist in the unjust enrichment attempt to collect on a paid off debt. They also reported amount and fees to over-charge the account making it appear that the debt is higher than what it really is. These charges constituted a breach of the promissory note which was not permitted on plaintiff's deed of trust. These reported charges include forced place insurance, escrow fees, and illegal interest on a paid off loan., This is the property 508 Evening Grosbeak. . .which was just returned back to plaintiff in February 2023 supra.

51.     Ocwen never serviced Plaintiff's loan except for issuing the 2013 etc. involved Plaintiffs property 1098 IRS Mortgage Statement, which reported to IRS of loan that were discharged, satisfied, or paid in full. However, Ocwen instead had with Defendants created additional and illegal collection activities like using different account numbers, using Defendants to serve as foreclosing trustee, and recorded a notice of default in about November 2018, and recorded a

notice of trustee sale in 2019 and 2021. These actions are not only illegal but force Plaintiff to file another bankruptcy on April 19, 2019 etc.

52.    Plaintiff does not owe money to Defendants. Defendants are knowingly collecting a time-barred paid-off debt in violation of  Federal and Texas state law

53.    The Trustee's Deed upon Sale is therefore void. Unless restrained, Defendants will thus sell the property or cause the property to be sold to other buyers at this time without resolved the above violations. The sale would be to Plaintiff great and irreparable injury

These **Defendants should come to this Court and defends the above violations including violation of Plaintiff Constitutional Rights supra before this Defendants can go on with the foreclosure sale pending now.,** If this Defendants are allowed to go on with this illegal sale it will great and irreparable injury, for which pecuniary compensation would not afford adequate relief.

54    Back in 2011, some of Defendants executed an AOD to GMAC. In 2016, the New York Bankruptcy Court Southern District rule the validity of the 2011 recorded assignment of deed,. Therefore,  some of these Defendants, as trustee, have no interest in claiming to be the owner of the account. This Defendants  in here transferred their interest to GMAC. However, in 2012 GMAC Mortgage filed its own Chapter 11 bankruptcy under Residential Capital (RESCAP). Ocwen Loan Servicing, LLC then acquired some of the mortgage servicing rights ("John Doe") from RESCAP in 2012, but never acquired the some of the servicing right of Plaintiff's loan account.

55.    The records show that Ocwen acquired the Plaintiff's account as paid off account, which was the reason Ocwen issued a 2013 1098 IRS form to notify the IRS and the borrower that the principal balance was paid in full, all these Documents Originated by these Defendants Plaintiff have been asking for these documents, this is what militate some of these Defendants Counsel in here as John Doe, perjury themselves in Connecticut Bankruptcy Case now pending in appeal., Ibid.

56.    On about December 26, 2018, Ocwen stated in their report, We have reported the principal balance of this property 508 Evening Grosbeak Drive. . ., paid for the year 2013 This

means, the entire unpaid balance was paid in full when Ocwen acquired the GMAC Mortgage, LLC account number., With Discovery and Finding facts will ferrets all these out

57.    On August 7, 2023 the Connecticut District Court Dismissed Plaintiff and his spouse bankruptcy action, for failure to filed their brief on time, notwithstanding plaintiff was sick and Pro Se Plaintiff and his spouse a paper filer, filed their brief on time, via USPS First Class paid mail service., In here plaintiff Rule 59(e) that was deny, plaintiff have filed notice of appeal. . . to Second Circuit Court of Appeals, now pending in Connecticut District Court Docket.

58.    Here again, these Tortfeasors Defendants have slated fraudulent foreclosures, now pending, without waiting for the Appeal actions to resolved appeals complaints in its merits, in here plaintiff in here, asking this court to temporary stop these Defendants to come and defends all these allegations in this complaint before this fraudulent foreclosure causes damages to plaintiff., Plaintiff is in here, because, United States Bankruptcy Court District of Columbia pursuant to this bankruptcy court posed jurisdiction on this court, before this slate foreclosure., it is proper to grant this Plaintiff Motion For Temporary Injunction., not to snare the innocent and allowed the guilty go free.

59.    These Defendants still in possession of Plaintiff and his spouse property known as 4510 little Hill Circle., they, these Defendants claims that defendants foreclosed this property in 2008 ., when there is evidence in Connecticut Bankruptcy Court, that is Plaintiff Exhibit filed with this bankruptcy court, but this Bankruptcy Court, kept silence regarding this property 4510 little hill circle, with due respect here, for this Connecticut Bankruptcy Court to dignified Silence is nothing, but a violation of Plaintiff Due Process and violation of Plaintiff Equal Rights, Plaintiff believe that the appeal court, Second Circuit's Court of Appeal will resolved these .

Least Plaintiff forget, this same Connecticut Bankruptcy Court, makes these Defendants return back, plaintiff property 508 Evening Grosbeak drive. . . supra.

In here, Plaintiff Exhibit accompany this Complaint is the documents proofs that these Defendants refinance this property 4510 Little Hill Circle supra., hence it is impossible foreclosure on this property 4510 little hill circle in 2008 as claims by these defendants., which these same Defendants finance in 2012. . .,maybe that is while the Connecticut Bankruptcy remain silence regarding this property supra.

60.    Defendants cannot establish that the Mortgage purportedly securing the Tangible Note, was legally or properly acquired in accordance with applicable law.

61.    None of the parties to the transactions involving Plaintiffs' loan, including the Defendants in this case, hold a perfected and secured claim on Plaintiffs' Loan or the Properties. Therefore, Defendant is equitably estopped and precluded from asserting an unsecured claim against Plaintiffs' Property.

61.    Defendant JPMorgan Chase has improperly and illegally collected payment in both houses from Plaintiffs on the Loan which they were not entitled to collect.

62.    An actual controversy has arisen and now exist between the Plaintiffs and Defendants.

63.    Plaintiff's require a judicial determination and declaration of Defendants rights, if any, as to the Plaintiff and his spouse  Loan and the corresponding Tangible Note and Mortgage/Deed of Trust.

64.    Plaintiffs are the current record owners of the Property.

65.    As a direct and proximate result of Defendants wrongful conduct, Plaintiffs have been damaged.

## FIRST CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION

65.    Plaintiffs incorporate all of the preceding paragraphs and allegations as if fully set forth herein and bring this claim against Defendants.

66.    A fundamental principle in  Texas  mortgage law is that a party collecting on a mortgage loan must have the power to enforce the underlying note.

67.    Defendants has represented that it was/is the legal holder of Plaintiff Loan, the indebtedness and has the right to collect on the Loan and in fact collected dollars from Plaintiff.

68.    Defendants claim that is has the right to collect payment on Plaintiff loan is false as indicated above.

69.    Defendants knew or should have known it does not have the right to collect payments on Plaintiff  Loan.

70.    As indicated above and by Esquivel's  Affidavit, Plaintiff Loan was purportedly transferred to the Trust prior to the Trust's Closing Date of October 31, 2017.

71.     Defendants is not the holder of the Note entitled to enforce and collect payments.

72.     Defendants knew or should have known that Plaintiff loan had been transferred to the Trust in 2017 and that the loan is still an active asset of the Trust to the current date.

73.     Furthermore, Plaintiff on September 2021, Plaintiff sent "Chase" a Notice of Error under 12 C.F.R. § 1024.35 (after sending an initial Request for information to "Chase" on March 17, 2021), requesting the identity and address of the Master Servicer for the Loan, to which Defendants did not respond as required by 12 C.F.R § 1024.35(d)(ii)(2)(B)

74.     Plaintiff then sent a second Request for information under 12 C.F.R § 1024.36 on September 17, 2021 requesting the complete legal name for "Chase", loss mitigation options identified as available by the named investor/owner of Borrowers' mortgage loan, Investor guidelines for calculation of Loan to Value ratios and information on investor's acceptable Loan to Value rations to permit loan modification. Once again, Defendants did not appropriately respond pursuant to 12 C.R.R § 1024.35 (d)(ii)(2)(B) and did not provide any information as to the entity "Chase" who sends Plaintiff mortgage statements and collects payment on loan.

75.     Plaintiff do not know the identity of the entity "Chase", and once again request the complete and legal name of "Chase".

76.     As a result of reliance on Defendants fraudulent misrepresentations, Plaintiff have suffered monetary damages based on their loan payments to Defendants.

77.     Plaintiff also have suffered damages because they do not have clear title to the Property based on their Loan still being listed as an active loan and asset of the Trust.

78.     The amount of damages cannot be ascertained with certainty at this time but exceeds the $75, 000. 00.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF 15 U.S.C § 1693 et seq., the Fair Debt Collection Practices Act**

79.     Plaintiff incorporate by reference all of the preceding paragraphs and allegations therein as if fully set forth herein and bring this claim against Defendants.

80.     As indicated herein,, Defendants has violated various provisions of the FDCPA, 15 U.S.C. § 1692, et. seq. by collecting a debt from Plaintiff and his spouse that they were not entitled to collect.

81.     Defendants is a debt collector as defined in 15 U.S.C. § 1692(a)(6): The term "debt collector" means any person who. . .regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.

82     By seeking to collect an amount not owed on the letter dated August 18, 2023, Shellpoint claims to be owed a "Past Due  Amount". This said amount as seen in their dated August 18, 2023 this amount the Plaintiff contest based on the allegations of this complaint. In here,  Shellpoint is attempting to collect a debt the Plaintiff do not owe.

83.     Defendants fraudulently made representations that they were the holder of Plaintiff's Note entitled to collect the debt when they knew or should have known that they did not have the right to make such an assertion.

84.     By these actions, Defendants violated 15 U.S.C. § 1692e (2)(A) by misstating the amount and legal status of a debt.

85.     As a direct and proximate  result of Defendants violations, Plaintiffs made mortgage payments to Defendants.

86.     As a direct proximate result of Defendants violations of the FDCPA, Plaintiff and his spouse incurred and continue to incur damages in an amount not yet ascertained, including, without limitation, statutory damages in excess of $75,000.00

### THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL  DISTRESS

87.     Plaintiff incorporate by reference all of the preceding paragraphs and allegations therein as if fully set forth herein and bring this claim against Defendants

88.     The actions of Defendants, as set forth herein, improperly collecting a debt from Plaintiff, have resulted in significant damage to Plaintiff.

89     The outcome has been created without any right or privilege on the part of Defendant and, as such, the intentional, unlawful collection of a debt they were not entitled to by Defendants constitutes outrageous or reckless conduct on the part of Defendants.

90.     Defendant intentionally, knowingly, recklessly and fraudulently made representations that it was the holder of the Note when it knew that it did not have the right to make such an assertion.

91.     Defendants conduct is so outrageous and extreme that it exceeds all bounds, which is usually tolerated in a civilized community.

92.     Such conduct was undertaken with the specific intent of inflicting emotional distress on the Plaintiff, such that Plaintiff would be so emotionally distressed and debilitated that they would be unable

to exercise legal rights to the Properties, the right to title of the Properties, the right to verified the alleged debt and right to clear title to these properties such that said title will regain its marketability and value.

93.    Defendants has not acted in good faith. Defendants committed the acts set forth above with complete, utter and reckless disregard of the probability of causing Plaintiffs to suffer severe emotional distress.

94.    As an actual and proximate cause of Defendants wrongful conduct, Plaintiff have suffered severe emotional distress, including, but not limited to, many sleepless nights, severe depression, lack of appetite, and most everything related to physical, mental and emotional health, including damages relationships with family and friends.

95.    Due to Defendants outrageous conduct , Plaintiff have been living under the constant emotional nightmare of losing these Properties., Plaintiff and his spouse work hard to acquired.

96.    The conduct of Defendants as herein described, was no vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people.

97.    Plaintiff is therefore entitled to, in addition to actual damages in an amount to be determined at trial, punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar  conduct.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

98.    To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through o97 as if set forth fully herein.

99.    The actions committed by Defendants constitutes breach of contract because:

    A.    There exists a valid, enforceable contract ( in addition to the Deed of Trust) between Plaintiff and Defendants whereby Defendants agreed to provide a full and fair review of Plaintiff's loss mitigation application as well as an appeal (if needed) if he was able to gather and submit the required  documents and A loss mitigation application;

    B.    Plaintiff has standing to sue for breach of contract;

    C.    Plaintiff performed his contractual obligations under the Deed of Trust;

    D.    Defendant breached the parties' agreement by not providing a full and fair review of Plaintiff's loss mitigation application as well as violating Sections 14 and 22 of the Deed of Trust  by failing to send all require foreclosure

notice to Plaintiff at the proper address, violating Section 18 and 22 so that

the opportunity to cure default as well as failing to comply with HUD

regulations incorporated into Section 9 of the Deed of Trust.

E.        The breaches of contract by Defendants cause Plaintiff injury- actual damages which include, but are not limited to, loss of alternative loss mitigation option, violating Plaintiff due process rights, litigation cost, interest on the balance of unpaid mortgages payments since the filing of this lawsuit, damage of Plaintiff credit, and numerous erroneous expenses overcharges, and penalties.

## FIFTH CAUSE OF ACTION

### VIOLATION OF FEDERAL CODE 42 U.S.C. §1982 AND TEXAS PROPERTY CODE §15

100.      To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 99 as if set forth fully herein.

101.      Pursuant to the provisions of the Federal Property rights Code § 1982, All citizens of the United States shall have the rights, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold. And convey real and personal property

102.      the right to Fair house,  and not to Interference with, the Defendant's **Avail., LLC and JP Morgan Chase Bank** by Detain and unlawful taking Plaintiff property known as **4510 little hill circle.,** without compensation and this said property is still in the hands of these Defendants hence Defendants Avail., LLC and JP morgan Chase are in continue in violation of Plaintiff rights, in here these two Defendants interferes with, and injure , intimidate Plaintiff.

103.      Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration . If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated, and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the homeowner clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration, in here, these Defendants fail to do so.

104.     The actions committed by Defendants constitutes violations of the Texas Property Code §51 because Defendant never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for Defendant to foreclose on its lien rights to the Property.

105.     Additionally, Defendant is about to wrongfully foreclose on Plaintiff's Property.

**SIXITH CAUSE OF ACTION:**
**FRAUD AND FRAUD IN THE INDUCEMENT**

106.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 105 as if set forth fully herein.

107.     Plaintiff shows that Defendants  The Bank of New York Mellon Trust Co., N.A., Shellpoint etc., on about 2020,these Defendants The Bank of New York Mellon Trust Co., N.A. and Shellpoint. . .**FRAUDULENT REMOVED PLAINTIFF AS MORTGAGOR AND PLACE THEIR NAMES AS MORTGAGOR AND FRAUDULENTLY SELL THE PROPERTY 508 EVENING GROSBEAK DRIVE TO THEMSELVES,** it was just February 2022 these Defendants returned this property known as 508  Evening Grosbeak Drive., Back to Plaintiff but still not cure the damages sustain in the hands of these Defendants and these Defendants unlawful evict Plaintiff etc., from their homestead , till date have refused to cure damages suffered in these Defendants hands.,

108.     Plaintiff also shows that Defendants made material, false representations to Plaintiff and his spouse with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff and that Plaintiff relied on these representations to Plaintiff and his spouse the co-owner of this property, to their detriment.

109.     A confidential or " informal fiduciary" relationship existed between the parties.

110.     Defendants had a duty to disclose these facts to Plaintiff and was deliberately silent when Defendants had a duty to speak.

111.     Defendants in here used such trickery and deceit and false representations with the intent that Plaintiff would end up defaulting on the loan so that Defendant could eventually post the Property for Foreclosure Sale.

112.    Plaintiff acted in reliance on the misrepresentations and the reliance on such misrepresentations were justifiable and reasonable.

113.    Furthermore, Defendants knew Plaintiff was ignorant of the nondisclosed facts and lacked opportunity to discover the truth.

### SEVENTH CAUSE OF ACTION
### Wrongful Foreclosure
### (Violation of Civil Code §§ 1983 and §§ 2923.5 2924 et. seq.)
### (AGAINST ALL DEFENDANTS and DOES 1-5)

114.    Plaintiff incorporates and re-alleges, as though fully set forth in this count, each and every preceding Paragraphs in this Complaint.

115.    Defendants The Bank of New York Mellon Trust CO., N.A and JP Morgan Chase have violated all the elements for wrongful acts including wrongful foreclosure enunciated in both Federal and States laws.,

116.    These sales was wrongful because Defendants, The Bank of New York Mellon Trust Co., N.A., JP Morgan Chase Bank and Newrez LLC., d/b/a/ as Shellpoint Mortgage Servicing, did not comply with both Federal and State foreclosure laws., the Homeowner Bill of Right (HBOR), defective title, lack standing, fraud, willful oppression, collateral estoppel. . .

117.    Plaintiff alleges that they do not owe any money to any of these Defendants. Plaintiff further alleges the Plaintiff, and his spouse does not owe any money or debt to any Lender, owner, or beneficiary in relation to the subject Properties., The loan of Property Known as 508 Evening Grosbeak Drive was paid-off in 2013. Plaintiff tendered all amounts that were due under loan secured by the deed of trust, but defendants refused the tender. Plaintiff was excused from tendering the amount because the doctrine of "res-judicata" and "preclusive effect of collateral estoppel barred Defendant The Bank of New York Mellon CO. N.A., and JP Morgan Chase Bank from foreclosing Plaintiff subject property. Therefore, Plaintiff is excused from the Tender requirement. Etc.

118.    Defendants thereby acted outrageously and persistently with actual malice in performing the acts alleged in this cause of action., Accordingly, Plaintiff is entitled to exemplary and punitive damages in a sum according to proof and to such other relief as is set forth below in the section captioned Prayer for Relief, which is by this referenced, incorporated herein.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF HOMEOWNER'S BILL OF RIGHTS
## <u>(AGAINST ALL DEFENDANTS and DOES 1-5)</u>

119.    Plaintiff incorporates and re-alleges, as though fully set forth in this count, each and every preceding Paragraphs in this Complaint.

120.    As described in detail above. Defendants violated the Homeowner Bill of Rights, specifically Federal Civil Codes ,

121.    Plaintiff was harmed because Plaintiff and hie spouse homes because of a wrongful foreclosure and a wrongful evictions

122.    John Does, 1 – 5 perjury themselves  in the United States Bankruptcy court for the District of Connecticut which amount to Fraud upon the court, these wrongful acts by these Defendants, "John Does, 1 to 5", great a barrier, roadblock that makes it impossible for Plaintiff here, and his spouse who were Debtor-Plaintiff/Plaintiff in both Chapter 13 and its Adversary Proceeding in Connecticut action., in here, **<u>Does 1 to 5 became a trap that snare the innocent and let the guilts go free.</u>**

123.    All Defendants' action, as described above  were a substantial factors in causing Plaintiff harm.

124.    In here, Plaintiff claimed that the violation must have been material which means that it was significant or important.

125.    This court should asked these Defendants, Particularly  Avail., LLC; The Bank of New York  Mellon Trust Co.;  JP Morgan Chase Bank; Newrez LLC., d/b/a Shellpoint Loan Servicing and Specialized Loan Servicing ("SLS") to return property Known as 4510 Little Hill Circle they claims that it was foreclosed  on in the year 2008., Exhibit (C) shows that These Defendants refinance this property in the years 2012 also enclosed is the receipt showing that Plaintiff's and his spouse were making mortgage loan payments via Chase Bank, in here it is proper to grant the application for Temporary Injunction and emergency hearing, so to prevent any further harms to Plaintiff.

126.     As a result of Defendants, SLS's unlawful debt collections practices, Plaintiff et al has suffered and continue to suffer financial harm including but not limited to:

      a.     Increased interest expenses on her mortgage;

      b.     Improperly charged late fees on Plaintiff mortgage;

      c.     Damage to Plaintiff and its co-owner credit report and credit score; and

## EIGHT CAUSE OF ACTION

## TEMPORARY INJUNCTION AND EMERGENCY HEARING

127.     Plaintiff repeat and re-allege the above allegations as if set forth herein word for word,

128.      Shellpoints' scheduled foreclosure sale of the Plaintiff and its family home set for October 3, 2023, will irreparably harm. Plaintiff because it will cause the loss of their home when they should be in a current status on their mortgage account.

129.     Therefore. Plaintiff request that this Court issue a Temporary Restraining Order and, thereafter, a Temporary Injunction, to restrain Defendant from selling the real property which is the subject matter of this lawsuit commonly Known as 508 Evening Grosbeak Drive as well as from taking legal action to evict Plaintiff and any other occupant from, or enforcing a writ of possession regarding, the aforementioned property.

130.     Upon information and belief and based on the allegations and exhibits attached hereto, Plaintiff believe he will prevail in a trial on the merits in this case.

131.     Based on the foregoing, the Court should enter an Order enjoining Shellpoint from going forward with the foreclosure sale of the Plaintiff home in order for an on-going investigation into the servicing methods of Shellpoint may be completed and an amended complaint containing further causes of action may be filed in this cause.

132.     Because Shellpoint will be free to non-judicially foreclose the Plaintiffs interest in the property if, after a hearing on this motion pursuant to Rule 65 of Federal Rule of Civil Procedure., Plaintiff request temporary restraining order's (TRO's) and set emergency hearing to keep the preliminary injunctions in place for duration of this litigation pursuant to Rule 65 of the Federal Rules of Civil Procedure.

133.     Plaintiffs is likely to prevail on the merits of the lawsuit as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.     General, special, compensatory, and exemplary damages according to proof but no less than$2,000,000.00, against all Defendants

2.     Statutory relief according to proof.

3.     Restitution relief according to proof.

4.     That the Plaintiff have and recover against Defendants a sum to be determined by this Court in the form of actual damages.

5.     On all causes of action, for pre-judgment and post-judgment interest.

6.     On all causes of action, for cost of suit herein.

7.     A  Permanent Injunction be entered enjoining Defendant from the same acts listed in Paragraphs  127 (Eight Cause of Action)

8.     On all causes of action, for such other and further relied as this Court may deem just and proper.

Respectfully submitted

PHILIP EMIABATA

SYLVIA EMIABATA

2940 Market St. NE. 408 Washington,  DC 20018

Telephone:  203) 610-9605 or 512) 791-2395

Email: philipemiabata@yahoo.com